# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0818V
UNPUBLISHED

| | |
|---|---|
| ANA MARGARITA FLORES,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: August 2, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Paul Adrian Green*, Law Office, Pasadena, CA, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On June 3, 2019, Ana Margarita Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 14, 2018. Petition at Introduction. Petitioner further alleges that her GBS persisted for more than six months. Petition at 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 22, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On July 30, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $89,691.67, (comprised of damages for pain and suffering in the amount of $85,000.00, and damages

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

for unreimbursed out-of-pocket medical expenses in the amount of $4,691.67). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>89,691.67</u> (comprised of damages for pain and suffering in the amount of $85,000.00, and damages for unreimbursed out-of-pocket medical expenses in the amount of $4,691.67) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANA MARGARITA FLORES,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　Respondent. | No. 19-818V<br>Chief Special Master Corcoran<br>SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**　　**Procedural History and Items of Compensation**

On June 3, 2019, Ana Margarita Flores ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), *as amended*, alleging that she suffered Guillain-Barre Syndrome ("GBS") as the result of an influenza ("flu"), vaccination administered on October 14, 2018.  *See* Petition at Introduction.  On January 19, 2021, respondent filed his Vaccine Rule 4(c) report, and conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act for a Table injury for GBS following flu vaccination.  ECF No. 48.  Thereafter, on January 22, 2021, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation.  ECF No 49.  Based on the evidence of record, respondent proffers that petitioner should be awarded  $89,691.67, which is comprised of damages for pain and suffering in the amount of $85,000.00, and damages for unreimbursed out-of-pocket medical

expenses in the amount of $4,691.67. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $89,691.67, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

        LARA A. ENGLUND
        Assistant Director
        Torts Branch, Civil Division

        s/ *Mallori B. Openchowski*
        MALLORI B. OPENCHOWSKI
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146, Ben Franklin Station
        Washington, DC 20044-0146
        Tel.: (202) 305-0660
DATED: July 30, 2021        mallori.b.openchowski@usdoj.gov

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.