# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-0818V
(Not to be Published)

---

ANA MARGARITA FLORES,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

---

Chief Special Master Corcoran

Filed: April 22, 2022

Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates

---

*Paul Adrian Green*, Law Office, Pasadena, CA, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 3, 2019, Ana Margarita Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome a result of an influenza vaccine administered on October 14, 2018. (Petition at Introduction). On August 2, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 60).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 22, 2021 (ECF No. 60), requesting a total award of $39,147.46 (representing $38,582.48 in fees and $564.98 in costs). In addition, in accordance with General Order No. 9, Petitioner represents that she incurred no out-of-pocket expenses. (*Id*. at 3). Respondent did not file a response. On January 31, 2022, Petitioner filed a supplemental motion for Attorney's Fees, correcting an error in amount of costs claimed. (ECF Nos. 67 and 68). Petitioner requests that the Court amend her request for attorney's fees and costs in the total amount of $40,043.48 (representing $38,806.50 in fees and $1,236.98 in costs – revised upward from the prior request). (ECF No. 67 at 1).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests compensation for attorney Paul Green at the following rates: $400 per hour for time billed in 2018; $410 per hour for time billed in 2019; $424 per hour for time billed in 2020; and $430 per hour for time billed in 2021. (ECF No. 64 at 2). These rates request adjustment. Mr. Green has previously been awarded the rates of $380 per hour for time billed in 2018; $390 per hour for time billed in 2019; $405 per hour for time billed in 2020; and $420 per hour for time billed in 2021. *See Silva v. Sec'y of Health & Hum. Servs.,* No. 18-1887V, Slip Op. 61, (Fed. Cl. Spec. Mstr. Jan. 21, 2021). I agree with the reasoning from this earlier decision and reduce Mr. Green's rates to be consistent with *Silva*. This results in a reduction of fees to be awarded by **$1,540.50**.[3]

### B.  Paralegal Tasks at Attorney Rates

Mr. Green's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Green billed over six hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents. A few non-exhaustive examples of these entries include:

- May 26, 2019 (1.20 hrs) "Checking citations and preparing exhibits in support of Petitioner including converting PDF's to be text searchable";

---

[3] This amount consists of ($400 - $380 = $20 x 1.20 hrs = $24) + ($410 - $390 = $20 x 53.50 = $1,070) + ($420 - $405 = $15 x 17.9 hrs = $268.50) + ($430 - $420 = $10 x 17.8 hrs = $178) = $1,540.50.

- August 13, 2019 (0.60 hrs) "Preparing HIPAA Complaint Authorizations for Release of Petitioner's records from six different healthcare providers pursuant to Court's recent Scheduling Order";

- August 21, 2019 (0.60 hrs) "Correspondence to six different health care providers requesting release of Petitioner's medical records pursuant to code";

- September 23, 2019 (0.20 hrs) "Correspondence to CVS Pharmacy chasing updated medical records"; and

- October 15, 2019 (1.0 hrs) "Preparing and coordinating service of subpoenas to CVS and Kaiser (6 separate subpoenas), pursuant to Chief Special Master Corcoran's recent Orders authorizing their issuance."

(ECF No. 64-3 at 4, 7-9, and 12).

I shall reduce Mr. Green's rate for these tasks to $156 per hour for 2019; $163 per hour for 2020; and $172 per hour for 2021. These rates are more comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$3,314.00**.[4]

## ATTORNEY COSTS

Petitioner requests $1,236.98 in overall costs. (ECF No. 68 at 4). This amount is comprised of obtaining medical records, processer costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$35,188.98** (representing $33,952.00 in fees and $1,236.98 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

---

[4] This amount consists of ($390 - $156 = $234 x 12.50 hrs = $2,925) + ($405 – $163 = $242 x 1.3 hrs = $314.60) + ($420 - $172 = $248 x 0.30 hrs = $74.40) = $3,314.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master